**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

KAREN RODRIGUEZ,

Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

Defendant.

---

## NOTICE OF REMOVAL

---

Defendant Safeco Insurance Company of America ("Defendant or "Safeco"), by and through its undersigned counsel, Lewis Roca Rothgerber LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of this action from the District Court, Boulder County, State of Colorado, to the United States District Court for the District of Colorado. In support of said removal, Defendant states as follows:

### INTRODUCTION

1. On September 15, 2014, Plaintiff initiated this action by filing her Complaint ("Complaint") in the District Court, Boulder County, State of Colorado, Case No. 2014CV31139 (the "State Action").

2. The Complaint asserts three claims for relief against Defendant, including a First Claim for Relief for Breach of Contract, a Second Claim for Relief for Unreasonable Breach of Contract, and a Third Claim for Relief for Unreasonable Delay or Denial of Benefits.

- 2 -

3.	This lawsuit arises out of Plaintiff's claim for underinsured motorist ("UIM") benefits as a result of an automobile accident that occurred on November 27, 2011.

## COMPLIANCE WITH THE RULES

4.	All procedural requirements related to the removal of this action have been satisfied.

5.	On September 22, 2014, Plaintiff served Defendant with a Summons and a copy of the Complaint in the State Action.

6.	This Notice of Removal is filed within 30 days of the receipt by Defendant of the service of the Summons and Complaint, and is, therefore, timely pursuant to 24 U.S.C. §§ 1441 and 1446(b).

7.	Concurrent with this Notice of Removal, Defendant is filing a Notice of Filing of State Court Records pursuant to 28 U.S.C. § 1446(a) and D.C.Colo.LCivR 81.1.  This includes a true and correct copy of the state court docket, which includes all state court pleadings, motions, and other papers known to have been served on Defendant.

8.	Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Complaint and Summons are attached to this Notice of Removal as **Exhibits A and B**, respectively.

9.	Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff.

10.	Pursuant to 28 U.S.C. § 1446(d), Defendant will file a Notice of Filing of Notice of Removal in the pending State Action, Case No. 2014CV31139, District Court, Boulder County, Colorado.  A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

11. Pursuant to D.C.COLO.LCivR 81.1, Defendant states that no hearings or motions are pending, nor has any trial been set in the State Action.

12. Pursuant to Fed. R. Civ. P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein, and specifically reserves its right to assert all defenses, including those defenses under Fed. R. Civ. P. 12(b).

13. Venue is proper in the District of Colorado because this District embraces the location where the State Action is pending. *See* 28 U.S.C. § 1446(c).

## DIVERSITY JURISDICTION

14. Plaintiff's Complaint asserts claims over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because: (a) the parties are residents of different states; and (b) the amount in controversy exceeds $75,000.

**A.   THE PARTIES ARE RESIDENTS OF DIFFERENT STATES**

15. Plaintiff is a Colorado citizen. *See* **Exhibit A**, Complaint at ¶ 1 ("At all times material herein, Plaintiff, Karen Rodriquez … was a resident of the City of Highlands Ranch, County of Douglas, State of Colorado.").

16. Defendant is a citizen of the State of New Hampshire and the State of Massachusetts. Defendant is incorporated under the laws of the State of New Hampshire and maintains its principal place of business in Boston, Massachusetts. *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…").

17. For purposes of federal diversity jurisdiction, the parties are completely diverse.

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

18.     While not waiving Defendant's right to contest the issue, Plaintiff seeks a monetary judgment in excess of $75,000.

19.     Defendant issued an automobile insurance policy to Plaintiff and Richard Rodriguez, policy no. Y7446192, effective from January 16, 2011 to January 16, 2012 ("Policy"), which affords UIM benefits subject to a limit of $100,000 per person and other terms, conditions and limitations.  **Exhibit D**, a copy of the Automobile Policy Declarations.

20.     On December 9, 2013, Plaintiff advised Defendant that her economic and non-economic damages total $262,119.09.  *See* **Exhibit E**, a copy of the December 9, 2013 letter (relevant pages only).  On that same day, Plaintiff demanded the limits of UIM coverage afforded under the Policy - $100,000.  *Id.  See also McPhail v. Deere & Co*., 529 F.3d 947, 956 (10th Cir. 2008) (a court may examine documentation beyond the complaint as a basis for determining the amount in controversy).

21.     In addition, in her Complaint, Plaintiff alleges that she has incurred over $55,219.40 in medical expenses and that she is entitled to the "UIM limits" under the Policy issued by Defendant.  **Exhibit A,** Complaint at ¶¶ 10, 14, 22 46 ("As a result of Defendant Safeco's unreasonable breach of its UIM insurance contract with Plaintiff Rodriguez[], Plaintiff has suffered the aforementioned damages, including without limitation, ***non-payment of UIM limits*** …"  (Emphasis added).

22.     Finally, Plaintiff seeks statutory damages from Defendant in the amount of "two times the covered benefit," which places the amount in controversy well above $75,000.  **Exhibit A,** Complaint at ¶ 47.  *See, e.g., Cox v. Lincoln Nat'l Life Ins. Co.,* Civil Action No. 10-cv-02544-CMA-MEH, 2013 WL 1412327 (D.Colo. 2010) (copy attached hereto as **Exhibit F**) (the

amount in controversy was satisfied when the plaintiff alleged that defendant was required to pay her $40,000 in insurance benefits and also asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. Am. Family Mut. Ins. Co.*, Civil Action No. 12-cv-02229-REB-KLM, (D.Colo. 2013) (copy attached hereto as **Exhibit G**) (finding that a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys' fees, was sufficient for establishing the amount in controversy for purposes of removal).

23. Since Plaintiff's alleged damages confirm that the amount in controversy exceeds $75,000.00, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

24. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Safeco Insurance Company of America requests that the action now pending in the District Court, Boulder County, Colorado, Case No. 2014CV31139, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 21st day of October, 2014.

                LEWIS ROCA ROTHGERBER LLP

                s/ Lyndsay K. Arundel
                Brian J. Spano, Esq.
                Lyndsay K. Arundel, Esq.

                *Attorneys for Defendant Safeco Insurance Company of America*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October, 2014, I delivered a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via the CM/ECF system and was served upon the following:

Ryan T. Earl, Esq.
Collin J. Earl, Esq.
Earl & Earl, PLLC.
333 Perry Street, Suite 307
Castle Rock, CO 80104
Email: Collin@earlandearl.com

*Attorneys for Plaintiff Karen Rodriguez*

*s/Lyndsay Arundel*
Lyndsay Arundel