| DISTRICT COURT, COUNTY OF BOULDER, STATE OF COLORADO<br><br>777 Sixth St Boulder, CO 80302 | |
|---|---|
| Plaintiff: KAREN RODRIGUEZ<br><br>v.<br><br>Defendant: SAFECO INSURANCE COMPANY of AMERICA, a foreign corporation. | ☐ ~~Court Use Only~~ ☐<br>DATE FILED: September 15, 2014 1:42 PM<br>FILING ID: 647934C2B7EE4<br>CASE NUMBER: 2014CV31139 |
| Attorneys for Plaintiff<br>***EARL & EARL, PLLC.***<br>333 Perry Street, Ste. 307<br>Castle Rock, CO 80104<br>Ryan T. Earl, Esq., # 45910<br>Collin J. Earl, Esq., # 41808<br>Telephone: 719-231-5826<br>Facsimile: 719-269-8832<br>Collin@earlandearl.com | Case Number:<br><br>Div: |
| **COMPLAINT** | |

COMES NOW Plaintiff, Karen Rodriguez, by and through her attorneys, Collin Earl, Esq., of *Earl & Earl, PLLC*, and for her Complaint against Defendant, Safeco Insurance Company, and alleges as follows:

## JURISDICTION AND VENUE

1.      At all times material herein, Plaintiff, Karen Rodriguez (hereinafter Plaintiff Rodriguez") was a resident of the City of Highlands Ranch, County of Douglas, State of Colorado.

2.      At all times material herein, Defendant, Safeco Insurance Company, (hereinafter "Safeco"), was a foreign corporation licensed to do business in the State of Colorado.

3.      The accident giving rise to this litigation took place in Lone Tree, Colorado on November 27, 2011.

4.      The UIM contract of insurance was entered into between Plaintiff and Defendant Safeco in the State of Colorado despite Defendant being a foreign corporation.

5.      Jurisdiction and venue in this Court is proper under Rule 98(c)(I) in that an action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, and Defendant Safeco conducts business in El Paso County.

## GENERAL ALLEGATIONS

6.      The Complaint arises from a motor vehicle accident, which occurred on

1



November 27, 2011, in which Plaintiff Rodriguez was injured in Lone Tree, Colorado.

7.      Plaintiff Rodriguez was at the intersection of Lincoln and Park Meadows, when Samantha Lichtner negligently ran her vehicle into the rear of Plaintiff Rodriguez causing the motor vehicle accident. The tortfeasor and vehicle were insured by Nationwide Insurance.

8.      Plaintiff has resolved her claims against the Tortfeasor and received permission from Defendant Safeco to settle with the torfeasor's carrier, Nationwide Insurance.

9.      Plaintiff Rodriguez has an Under Insured Motorist (hereinafter UIM) policy with Safeco, which was in force and effect at the time of the motor vehicle accident.

10.     The Safeco policy provides UIM benefits of $100,000.00 per person.

11.     Plaintiff Rodriguez has been unable to reach an agreement with Safeco regarding the amount of damages.

12.     As a result of the motor vehicle accident, Plaintiff Rodriguez has sustained serious personal injuries.

13.     As a further direct and proximate result of the motor vehicle accident, Plaintiff Rodriguez has sustained past and future non-economic losses, including, but not limited to: pain and suffering, inconvenience, loss of enjoyment of life, emotional distress; past and future economic losses including medical and rehabilitation expenses, vocational rehabilitation expenses, impairment of earning capacity, loss of time, and lost wages; and past and future physical impairments.

14.     Further, Plaintiff has incurred over in $55,219.40 medical expenses. Plaintiff Rodriguez is still receiving medical treatment and will incur future medical and rehabilitation expenses.

15.     Therefore, Plaintiffs has been forced to file their lawsuit, and thereby dilute her UIM benefits in order to seek full compensation for her injuries that s he suffered as a result of the motor vehicle accident.

16.     Under Colorado Law, "A first-party claimant...whose claim for payment of benefits has been unreasonable delayed or denied may bring an action in district court to recover reasonable attorney fees and court costs and two times the covered benefit". *Colo. Rev. Stat.* §10-3-1116.

17.     Defendant Safeco has unreasonably breached its insurance contract.

### FIRST CLAIM FOR RELIEF

2

*Plaintiff Karen Rodriguez*
*Breach of Contract by Defendant*
*Safeco Insurance Company*

18.     Plaintiff re-alleges all previous allegations and statements of their Complaint and hereby incorporates all preceding allegations and statements as if fully set forth herein.

19.     Plaintiff Rodriguez is the named insured in a contract of insurance between Defendant and Plaintiff.

20.     Plaintiff Rodriguez is a beneficiary of the contract of insurance between Plaintiff and Defendant Safeco.

21.     Defendant Safeco has refused to provide Plaintiff Rodriguez with certain UIM benefits pursuant to the contract of insurance.

22.     As a result of Defendant Safeco's breach of its contract with Plaintiff Rodriguez, Plaintiff has suffered the aforementioned damages, including, without limitation, non-payment of UIM limits for Plaintiff Rodriguez; statutory interest on Plaintiff Rodriguez's UIM benefits from the date of the accident to present; statutory interest over her UIM limits; reasonable costs; reasonable attorney's fees; and other economic losses resulting from her unpaid UIM benefits that was required to be paid under the UIM provisions of her UIM auto insurance policy.

**SECOND CLAIM FOR RELIEF**
*Plaintiff Karen Rodriguez*
*Unreasonable Breach of Contract by*
*Safeco Insurance Company*

23.     Plaintiff re-alleges all previous allegations and statements of their Complaint and hereby incorporates all preceding allegations and statements as if fully set forth herein.

24.     An insurance company owes to those it insures the duty of good faith and fair dealing. That duty is breached if the company unreasonably delays or denies payment of the UIM benefits or engages in unreasonable conduct or assumes an unreasonable position regarding payments of UIM benefits.

25.     An unreasonable position means a position taken by an insurance company with respect to a claim being made on one of its policies that a reasonably careful insurance company would not take under the same or similar circumstances. *CJI-Civ 25:3.*

26.     "If an insurer lacks a 'reasonable basis' to deny a claim, the claim is not 'fairly debatable.'" *Geiger v. American Std. Ins. Co.,* 192 P.3d 480 (Colo. App. 2008).

27.     Defendant Safeco owed duties to Plaintiff Rodriguez under the policy's implied

covenant of good faith and fair dealing, including the duty to investigate and adjust Plaintiff Rodriguez's entitlement to UIM benefits in good faith.

28.     Defendant Safeco's policy of insurance includes an implied covenant of good faith and fair dealing requiring that Defendant Safeco would, in good faith and in the exercise of fair dealing, deal with Plaintiff Rodriguez fairly and honestly; faithfully perform its duty of representation; and do nothing negligent or willful to impair, interfere with, hinder, or potentially injure her rights to receive UIM benefits of the Safeco policy.

29.     Safeco's failure to act in good faith (not the condition of non-payment) leads to tort liability. *Farmers Group, Inc. v. Trimble*, 691 P.2d 1138 (Colo.1984). *(See also Colo. Rev. Stat.* §10-3-1116, "A first-party claimant...whose claim for payment of benefits has been unreasonable delayed or denied may bring an action in district court to recover reasonable attorney fees and court costs and two times the covered benefit.") Thus, Safeco's continued bad faith denial of UIM benefits established Plaintiff Rodriguez's rights to recover under §10-3-1116(1).

30.     Plaintiff Rodriguez also suffered non-economic damages, including emotional distress arising out of the Safeco's unreasonable breach of insurance contract. *See Goodson v. American Standard,* 89 P.3d 409, 412 (Colo. 2004) (holding that "in a tort claim against an insurer for breach of the duty of good faith and fair dealing, the plaintiff may recover damages for emotional distress without proving substantial property or economic loss.")

31.     The following unreasonable conduct by Safeco violates the *Unfair Claims Practices Act - C.R.S.   §10-3-1101 et seq.,* and caused damages, injuries, and losses to Plaintiff Rodriguez, including, but not limited to the following:

      A.     Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

      B.     Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

      C.     Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

      D. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

      E.     Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

      F.     Refusing to pay claims without conducting a reasonable investigation based upon all available information;

      G.     Failing to promptly provide a reasonable explanation in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement; and/or

      H.     Issuing, soliciting, or using an automobile policy form, endorsement, or notice form that does not comply with statutory mandates.

32.     Plaintiff Rodriguez submitted reasonable proof of her injuries, damages, and losses, including her likely future medical and rehabilitation bills and past medical and rehabilitation bills incurred, to Defendant Safeco.

33.     Defendant Safeco failed to perform its obligations pursuant to the insurance contract, and has willfully and negligently and unreasonably delayed their investigation and, willfully and negligently and unreasonably made decisions adversely affecting Plaintiff Rodriguez.

34.     By denying and/or delaying payment of her entitlement to her UIM benefits, Defendant Safeco has acted unreasonably.

35.     Defendant Safeco's conduct alleged herein was purposeful and calculated. Defendant had to have realized that the decision to deny or delay UIM benefits was in direct contravention of their obligations under Plaintiff's insurance contract with Defendant. The denial and/or delays in payment of UIM benefits was done recklessly and with knowledge, either actual or constructive, of the destruction, hassle, and emotional distress that the bad faith denial and/or delays would have on Plaintiff Rodriguez

36.     These wanton and reckless acts or omissions by Safeco were committed with knowledge and intent and were not contemplated to be in the best interest or within the legal rights of the insured.

37.     Further, Defendant policy is against public policy because it forces the insured to litigate by not allowing the insured to choose arbitration, and allows Defendant Safeco to collect interest on Plaintiff's UIM benefits, and therefore, it dilutes the insured's benefits under Defendant Safeco's UIM insurance policy.

38.     Further, Defendant Safeco breached its duty of good faith and fair dealing because it unreasonably denied and/or delayed payment of her UIM benefits and Safeco knew that the delay or denial was unreasonable or recklessly disregarded whether its position was unreasonable.

39.     As a result of Defendant Safeco's unreasonable breach of its insurance contract with Plaintiff Rodriguez, Plaintiff has suffered the aforementioned damages, including without limitation, non-payment of UIM limits; economic and non-economic damages including emotional distress caused by Defendant Safeco's unreasonable breach of contract; statutory interest on her UIM benefits from the date of the accident to present; statutory interest over her UIM limits; reasonable costs; reasonable attorney's fees; and two times the covered benefits.

**THIRD CLAIM FOR RELIEF**
*Unreasonable Delay or Denial of Benefits-Entitling First Party Claimant to Recover Reasonable Attorney's Fees and Court Costs, and Two Times the Covered Benefit by Defendant Safeco Insurance Company*

40.     Plaintiff re-alleges all previous allegations and statements of his Complaint and hereby incorporates all preceding allegations and statements as if fully set forth herein.

41.     On December 9, 2013, Plaintiff submitted a demand for policy limits.

42.     Defendant Safeco responded to the demand letter by requesting five years of additional medical records from Plaintiff on December 23, 2013.

43.     Plaintiff responded with the records on January 7, 2014; to which, Defendant responded with an additional letter and offer of $2,500, on January 24, 2014.

44.     There have not been any additional offers from Defendant Safeco since January 24, 2014.

45.     Pursuant to Colo. Rev. Statues 10-3-1116(1), "a first-party claimant whose claim has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit."

46.     Safeco acted unreasonably in that it unreasonably failed to investigate and adjust for Plaintiff Rodriguez's entitlement to UIM benefits in unreasonably delaying and/or denying payment of her UIM benefits.

47.     As a result of Defendant Safeco's unreasonable breach of its UIM insurance contract with Plaintiff Rodriguez's, Plaintiff has suffered the aforementioned damages, including without limitation, non-payment of UIM limits; economic and non- economic damages including emotional distress caused by Safeco's unreasonable breach of insurance contract; statutory interest on her UIM benefits from the date of the accident to present; statutory interest over the UIM limits; reasonable costs; reasonable attorney's fees; and   two times the covered benefit.

**WHEREFORE,** Plaintiff Rodriguez prays that judgment be entered in her favor and against Safeco Insurance Company in an amount that fully and fairly compensates Plaintiff for her injuries, damages and losses, both past and future; for payment of all unpaid UIM benefits to compensate them for her non- economic, economic, and   physical impairment damages; double   the recovered benefit and reasonable attorney fees and costs incurred in obtaining payment of the UIM benefits by the filing of this action pursuant to Colo.Rev.Stat §10-3-1116; for general damages, including emotional distress resulting from the bad faith breach of insurance contract, in an amount to be determined by the trier of fact; special damages as proved, together with pre-judgment interest from the date of Plaintiff's injuries as described and alleged above; and post-judgment interest as allowed by law. Plaintiff further prays that judgment be entered and that the Court also award costs, expert witness fees, and such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED THIS 15th DAY OF SEPTEMBER, 2014.

*By: Earl & Earl, PLLC.*
*/s/ Collin J. Earl, Esq.*

Collin J. Earl, Esq., # 41808
Attorney for Plaintiffs

Plaintiff's Address:

C/O
Earl & Earl, PLLC
333 Perry Street, Ste. 307
Castle Rock, CO 80104